IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

ROBERT STONE,

    Petitioner,

v.                                            Case No. 1:16-cv-08775

UNITED STATES PAROLE COMMISSION,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 9). By separate Order, the undersigned has denied the petitioner's Motion to Proceed In Forma Pauperis (ECF No. 1), his Motion for Appointment of Counsel (ECF No. 3) and his Motion to Expedite (ECF No. 7).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The petitioner, Robert Stone, is serving a life sentence following his guilty plea in this United States District Court to one count of use of interstate commerce facilities in the commission of murder for hire and aiding and abetting the same, in violation of 18 U.S.C. §§ 1952A and 2. *United States v. Stone*, Case No. 6:85-cr-00129 (S.D. W. Va.) The petitioner is presently incarcerated at the Federal Correctional Institution McDowell (FCI McDowell) in Welch, West Virginia.

On September 12, 2016, the Clerk's Office received a Motion to Proceed In Forma Pauperis (ECF No. 1) and a letter stating as follows:

> Additionally, I am in desperate need of an attorney familiar with the "Old Law," if any yet exists.   I would respectfully request the court to consider that I have exceeded the 30 year requirement under the "Old Law" life sentence, and, if possible, appoint an attorney with knowledge of the "Old Law."   If this is not beyond reasonable?   For 30 years my release date was 2015.   My mandatory parole was denied for dismissed cases.

(ECF No. 2).  As described in the letter, the petitioner is a federal prisoner who was sentenced under the criminal laws of the United States prior to the abolition of federal parole on November 1, 1987 (which he labels the "Old Law"), but who were grandfathered in thereunder.  The petitioner's letter appears to assert that his sentence had exceeded the time frame for release on parole under the "Old Law."  Because the letter appeared to challenge the execution of the petitioner's sentence, the court construed it as a Letter-Form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and docketed it as such. The Clerk also docketed a separate Motion for Appointment of Counsel, which states as follows:

> Plaintiff is scheduled for a parole hearing on approximately March 2017. Plaintiff has not had representation in the thirty-one plus (31+) years that he has been in front of the Parole Board.   Plaintiff has the right to request the appointment of counsel under criminal rule 44, if unable to afford counsel; 18 U.S.C. § 3006A, indigent's right to appointment of counsel; The Criminal Justice Act of 1964 provides that an indigent defendant is entitled to appointment of counsel; also right to request counsel pursuant to F.R.C.P. 58(b)(2)(C).

(ECF No. 3).

On September 14, 2016, the Clerk's Office received another letter from the petitioner providing additional background information about his sentence and custody status and his rehabilitation and educational efforts in prison.   (ECF No. 6).   Then, on

September 19, 2016, the Clerk's Office received a letter requesting that the court expedite this matter due to the rescheduling of his parole hearing to October 2016 (specific date not provided). (ECF No. 7).

On September 23, 2016, the Clerk's Office received another letter from the petitioner, which clarified that the petitioner was not necessarily challenging his prior denial of parole but, rather, was simply seeking the appointment of counsel to represent him in his upcoming parole hearing. (ECF No. 8). His letter specifically stated that he did "not intend to file a 2241, at least not at this time." (*Id.* at 1).[1] Then, on September 26, 2016, the Clerk's Office received and docketed a form section 2241 petition that had been completed by the petitioner. (ECF No. 9). The sole issue raised in the form petition is a request for appointment of counsel to represent him before the Parole Commission in his October 2016 hearing. (*Id.*)

By separate Order, the undersigned has addressed and denied the petitioner's Motion for Appointment of Counsel (ECF No. 3), finding that, under the circumstances presented by the petitioner, he is not constitutionally entitled to appointment of counsel and such appointment is not in the interest of justice. For the same reasons, the undersigned proposes that the presiding District Judge **FIND** that there is no basis for habeas corpus relief under 28 U.S.C. § 2241 under the circumstances presented herein. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Letter-Form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and his form Petition for a Writ of Habeas Corpus pursuant to 28

---

[1] The undersigned notes, however, that this letter asserts also that the petitioner received less than the required 60-days' notice of his October 2016 parole hearing. (ECF No. 8 at 1).

3

U.S.C. § 2241 (ECF No. 9).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to the petitioner.

October 26, 2016

Dwane L. Tinsley
United States Magistrate Judge